[Cite as *Guth v. Ohio Dept. of Transp.-Dist. 8*, 2011-Ohio-1763.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOE GUTH

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION-DISTRICT 8

     Defendant

Case No. 2010-09817-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Joe Guth, filed this action against defendant, Department of Transportation (ODOT), contending that his 2006 BMW was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining a hazardous condition on Interstate 71 North in Hamilton County. Specifically, plaintiff asserted that he suffered tire damage to his vehicle as a result of striking a pothole "@ mile marker 8." Plaintiff noted that the pothole measured approximately two feet long and one foot wide. Plaintiff recalled that his property damage incident occurred on July 27, 2010 at approximately 6:45 a.m. Plaintiff seeks damage recovery in the amount of $309.41, the total cost of a replacement tire. The filing fee was paid.

{¶ 2} Defendant contended that plaintiff failed to provide evidence establishing his property damage was caused by any conduct attributable to ODOT. Defendant asserted that plaintiff failed to offer evidence to show that his damage was caused by negligent maintenance. Defendant pointed out that plaintiff "has presented no evidence

to indicate how long the pothole existed in the roadway prior to the (July 27, 2010) incident." Defendant related "that if ODOT personnel had detected any potholes they would have been reported and promptly scheduled for repair." Defendant noted that the roadway on Interstate 71 North in the vicinity of milepost 8.0 "was in relatively good condition at the time of plaintiff's incident." Defendant explained that the ODOT "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes or other defects were discovered near milepost 8.0 on Interstate 71 North the last time that section of roadway was inspected prior to July 27, 2010. The claim file is devoid of any inspection record. Defendant did submit "Maintenance Records" for Interstate 71 covering the period from January 27, 2010 to July 27, 2010. These records show that pothole patching repairs were conducted in the area including milepost 8.0 on January 27, 2010, April 22, 2010, and May 18, 2010.

{¶ 3} Plaintiff filed a response reporting that the pothole his car struck has not been repaired and remains on the roadway. Plaintiff submitted a photograph depicting the pothole at milepost 8.0 on Interstate 71 North. The photograph shows a minor defect on the roadway. Plaintiff did not submit evidence to establish the length of time that the damage-causing pothole at milepost 8.0 existed prior to 6:45 a.m. on July 27, 2010.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on Interstate 71 prior to the morning of July 27, 2010.

{¶ 7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defects. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1)

defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOE GUTH

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION-DISTRICT 8

    Defendant

    Case No. 2010-09817-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

                             _____
                             MILES C. DURFEY
                             Clerk

Entry cc:

Joe Guth
2857 Observatory Avenue
Cincinnati, Ohio  45208

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
11/24
Filed 1/26/111
Sent to S.C. reporter 4/8/11